UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 21-cv-2422 (PJS/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Actors in the Employ of Beltrami County Jail et al., | |
| Defendants. | |

Plaintiff James Paul Aery filed letter that he captioned "Notice of Motion & Motion to Reconsider." In his letter, Mr. Aery asks the Court to order more discovery "that will validate [his] contention" that Defendants misled the Court by claiming that Aery assaulted Defendants. In the alternative, Mr. Aery requests the Court "permit/certify partial appeal of this matter" against the County Defendants.

The Court interprets Mr. Aery's filing as a request for permission to file a motion to reconsider.[1] To obtain permission to file such a motion, a party "must show compelling circumstances." D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). The purpose of motions for reconsideration is to give the requesting party the "opportunity

---

[1] Under Local Rule 7.1(j), a party "must not" file a motion to reconsider "[e]xcept with the court's prior permission." This Court, however, will liberally construe Mr. Aery's filing because he is self-represented. *Erickson v. Pardus*, 51 U.S. 89, 94 (2007).

for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (quotation omitted). Whether to grant leave to file a motion to reconsider is within the court's discretion. *Hagerman*, 839 F.2d at 413.

The Court denies Mr. Aery's request. He has not demonstrated that the court has committed a "manifest error[ ] of law" in its earlier decisions, nor has he presented "newly discovered evidence" that would affect the court's analysis. There is nothing demonstrating that the necessary "compelling circumstances" exist that would merit granting a motion for reconsideration.

Mr. Aery also requests that this Court "permit/certify partial appeal of this matter" against the County defendants. (Dkt. No. 109 at 2.) Again liberally construing Mr. Aery's filings, the Court interprets Mr. Aery's filing as a motion for interlocutory appeal under 28 U.S.C. § 1291. Under certain circumstances, a district court can determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1291(b). A non-final order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* The party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shuck v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012).

Even under its most liberal reading, Mr. Aery's filing does not allege that there is a controlling question of law meriting allowing him to pursue an interlocutory appeal. The thorough and careful Report and Recommendation that the District Court adopted does not present a controlling legal question about which there is a substantial ground for difference of opinion. Furthermore, even if there were such a question, an interlocutory appeal would not materially advance the ultimate termination of this litigation. This action has been stayed as to Defendants Todd A. Leonard and MEnD as a result of MEnD's Chapter 11 Bankruptcy. (*See* Dkt. No. 55.) Any interlocutory appeal as to the dismissal of claims against other defendants would not hasten the end of the litigation as to Dr. Leonard or MEnD. Based on all of the above, this Court sees no reason to depart from the long-standing policy discouraging piece-meal appeals.

Based on the foregoing, and all the files, records, and proceedings herein, IT **IS HEREBY ORDERED** that Plaintiff James Paul Aery's Request for Motion of Reconsideration and Motion for Interlocutory Appeal is **DENIED**.

Date:  February 7, 2025                                *s/ Shannon G. Elkins*
                                                       SHANNON G. ELKINS
                                                       United States Magistrate Judge